# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUISE LIVINGSTON, MELISSA RAINEY, DAVID SMITH, RAYMOND SABBATINE, PETER GOLDIS, and BILL COLBERT, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>TRANE U.S. INC.,<br><br>    Defendant. | Civ. A. No. 2:17-cv-06480-ES-MAH<br><br>The Honorable Esther Salas, U.S.D.J.<br><br>The Honorable Michael A. Hammer, U.S.M.J.<br><br><br>**[PROPOSED] ORDER GRANTING THE PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

WHEREAS, the Court held a telephonic hearing on April 9, 2020, and the Court preliminarily approved the Settlement Agreement as being fair, reasonable, and adequate, and finds that it otherwise met the criteria for approval, subject to further consideration at the Final Approval Hearing, and warranted issuance of notice to the Settlement Class.

IT IS HEREBY ORDERED as follows:

1. This Order incorporates by reference the definitions in the Settlement Agreement dated February 21, 2020 ("Settlement Agreement"), filed herewith, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

1

2. This Court has jurisdiction over this litigation, Plaintiffs, all Settlement Class Members, Defendant Trane U.S. Inc. ("Trane"), and any party to any agreement that is part of or related to the Settlement Agreement.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement Agreement, the Settlement Class as follows:

> All United States residents who are current or former owners of Trane and American Standard 1.5- to 5-ton air conditioners and heat pumps with a serial number reflected on Exhibit I to the Settlement Agreement.

Excluded from the Settlement Class are officers and directors of Trane or its parents and subsidiaries, and any Judge to whom the Litigation is assigned. Also excluded are Settlement Class Members who timely Opt Out or exclude themselves from the Settlement Agreement.

4. The Court appoints Timothy N. Mathews and Zachary P. Beatty of Chimicles Schwartz Kriner & Donaldson-Smith LLP and James C. Shah of Shepherd, Finkelman, Miller & Shah, LLP as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are satisfied by this appointment.

5. The Court hereby appoints Plaintiffs, Louise Livingston, Melissa Rainey, David Smith, Raymond Sabbatine, Peter Goldis, and Bill Colbert, to serve

as Class Representatives for settlement purposes only on behalf of the Settlement Class.

6.  The Claim Form, Mailed Notice, Publication Notice, Full Notice, and Service Bulletins are approved for dissemination, subject to any non-material changes to which the parties may agree.

7.  If Settlement Class Members do not wish to participate in the Settlement Class, they may exclude themselves by timely delivering a written request for exclusion to the Settlement Administrator's address listed in the Mailed Notice, Publication Notice, and on the Settlement Website. All requests by Settlement Class Members to be excluded from the Settlement Class must be in writing and received by the Objection/Opt-Out date indicated in the schedule below. Plaintiffs will file with their Reply in Support of their Final Approval Motion, the list of persons and entities that properly excluded themselves from the Settlement Class. The persons and entities deemed by the Court to have excluded themselves from the Settlement Class will be attached as an exhibit to the Final Order and Judgment.

8.  The written request for exclusion must include: (a) the Class Member's full name, current address, and telephone number; (b) the serial number of their Settlement Class Air Conditioner or Heat Pump; and (c) specifically and unambiguously state in writing his or her desire to be excluded from the Settlement

Class and election to be excluded from any judgment entered pursuant to the Settlement Agreement. No request for exclusion will be valid unless all of the information described above is included. All Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement Agreement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against Defendant.

9. A request for exclusion by a *current* owner of a Settlement Class Air Conditioner or Heat Pump does not exclude from the Settlement Agreement a *former* owner of the same Settlement Class Air Conditioner or Heat Pump. A request for exclusion by a *former* owner of a Settlement Class Air Conditioner or Heat Pump does not exclude from the Settlement Agreement a *current* owner of the same Settlement Class Air Conditioner or Heat Pump.

10. To state a valid objection to the Settlement Agreement, an objecting Settlement Class member must in writing provide: (a) the full name, address, telephone number and email address, if any, of the Settlement Class Member; (b) the serial number of the Settlement Class Air Conditioner or Heat Pump and an indication whether the Settlement Class Member is a current or former owner of the unit; (c) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or

submission of the objection or who may profit from the pursuit of the objection; (d) a written statement of all grounds for the objection accompanied by any legal support for the objection, if any; (e) copies of any papers, briefs, or other documents upon which the objection is based; (f) a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing either personally or through counsel; and (h) the signature of the Settlement Class Member.

11. Objections must be filed with the Court, served by first-class mail, by the Objection Deadline and any objecting Class Member must provide a list of all proposed settlements they objected to in the last 5 years. Any objecting Class Member also must provide copies of any other documents offered in support of the objection.

12. In addition to providing a copy of the objection to the Court by the Objection/Opt-Out date indicated below, the objections must also be delivered by the Objection/Opt-Out date to each of the following: Timothy N. Mathews, Chimicles Schwartz Kriner & Donaldson-Smith, LLP, 361 West Lancaster Avenue, Haverford, PA 19041; and Gregory C. Ulmer, 811 Main Street, Suite 1100, Houston, TX 77002.

13. Any Settlement Class Member who does not make his or her objections in the manner provided herein shall be deemed to have waived such objections and shall forever be foreclosed from making any objections to the fairness,

reasonableness, or adequacy of the proposed Settlement Agreement and the judgment approving the Settlement Agreement.

14. The Court hereby establishes the following dates for notice and Final Approval of this Settlement Agreement:

| Event | Date |
|---|---|
| Settlement Website Posted | April 19, 2020 |
| Notice Date | May 28, 2020 |
| Motion for Attorneys' Fees and Incentive Awards | June 4, 2020 |
| Motion for Final Approval | June 4, 2020 |
| Objection/Opt-out Deadline | July 13, 2020 |
| Reply in Support of Attorneys' Fees and Incentive Awards | July 24, 2020 |
| Reply in Support of Final Approval | July 24, 2020 |
| **Final Fairness Hearing** | **August 12, 2020 at 12:00PM** |
| Effective Date | 30 days from entry of Judgment (assuming no appeals, etc.) |
| Claim Deadline | September 25, 2020 |
| End of preventative injection program | 12 months after Effective Date |

15.     The Court may modify the dates above if good cause exists, and the Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members; however, any changes to deadlines shall be posted on the Settlement Website.

IT IS SO ORDERED on this __13th__ day of __April__, 2020.

*/s Michael A. Hammer*
HONORABLE MICHAEL A. HAMMER
UNITED STATES MAGISTRATE JUDGE