# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUISE LIVINGSTON, MELISSA RAINEY, DAVID SMITH, RAYMOND SABBATINE, PETER GOLDIS, and BILL COLBERT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANE U.S. INC.,<br><br>Defendant. | Civ. A. No. 2:17-cv-06480-ES-MAH<br><br>The Honorable Esther Salas, U.S.D.J.<br><br>The Honorable Michael A. Hammer, U.S.M.J.<br><br>[~~PROPOSED~~] FINAL ORDER AND JUDGMENT |

This matter came before the Court for hearing pursuant to the Order Granting the Parties' Motion for Preliminary Approval of Class Action Settlement dated April 13, 2020 ("Preliminary Approval Order"). Due and adequate notice having been given of the Settlement as required by the Preliminary Approval Order, the Court having considered all papers filed and proceedings conducted herein, and the Court having held a hearing on the application for preliminary approval on April 9, 2020, and a hearing on the application for final approval on August 12, 2020; and for the reasons set forth on the record on August 12, 2020; and good cause appearing therefore, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1

1. This Final Order and Judgment incorporates by reference the definitions in the Settlement Agreement with Defendant dated February 21, 2020 (the "Agreement"), and all defined terms used therein have the same meanings ascribed to them in the Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties hereto.

3. The Court reaffirms and makes final its provisional findings, rendered in the Preliminary Approval Order, that, for purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b) are satisfied. The Court hereby makes final its appointments of Class Counsel and the Representative Plaintiffs and certifies the following Settlement Class: all United States residents who are current or former owners of Trane and American Standard 1.5- to 5-ton air conditioners and heat pumps with a serial number reflected on Exhibit I to the Settlement agreement.

4. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

5. The Court finds that notice of this Settlement was given to Settlement Class in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the

2

Settlement, to all persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of Due Process.

6. The Court directs the parties and the Settlement Administrator to implement the Settlement according to its terms and conditions.

7. Upon the Effective Date, Representative Plaintiffs and all Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Parties from all Released Claims.

8. The persons identified in Exhibit A hereto requested exclusion from the Settlement Class as of the exclusion deadline. These persons shall not share in the benefits of the Settlement, and this Final Order and Judgment does not affect their legal rights to pursue any claims they may have against Defendant. All other members of the Settlement Class are hereinafter barred and permanently enjoined from prosecuting any Released Claims against the Released Parties in any court, administrative agency, arbitral forum, or other tribunal.

9. Neither Class Counsel's application for Attorneys' Fees and Expenses and Service Awards for Representative Plaintiffs nor any order entered by this Court thereon shall in any way disturb or affect this Judgment, and all such matters shall be treated as separate from this Judgment.

10. Neither the Settlement nor any act performed or document executed pursuant to or in furtherance of the Settlement is or may be deemed to be or may be used as an admission of, or evidence of: (a) the validity of any Released Claim; (b) any wrongdoing or liability of Defendant; or (c) any fault or omission of Defendant in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

11. Without affecting the finality of this Judgment, this Court reserves exclusive jurisdiction over all matters related to administration, consummation, enforcement, and interpretation of the Settlement and this Final Order and Judgment, including: (a) distribution or disposition of the settlement funds; (b) further proceedings, if necessary, on the application for Attorneys' Fees and Expenses and for Representative Plaintiffs' Service Awards; and (c) the parties for the purpose of construing, enforcing, and administering the Settlement. If any party fails to fulfill its or their obligations under the Settlement, the Court retains authority to vacate the provisions of this Judgment releasing, relinquishing, discharging, and barring and enjoining the prosecution of, the Released Claims against the Released Parties.

12. If the Settlement does not become effective, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases

delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

13. The Court has considered each of the objections and finds that they are unpersuasive and, therefore, overrules all of them.

14. The Court hereby enters a judgment of dismissal, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, of the Released Claims by the Settlement Class Members, with prejudice and without costs, except as specified in this order, and except as provided in the Court's order related to Plaintiffs' motion for Attorneys' Fees and Expenses and Service Awards. The Clerk of the Court is directed to close this docket.

**IT IS SO ORDERED.**

DATED: 8/12/2020

HON. MICHAEL A. HAMMER
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

| \ | Livingston v. Trane U.S. Inc. No. 2:17-cv-06480-ES-MAH United States District Court for the District of New Jersey | |
|---|---|---|
| | EXCLUSIONS TO SETTLEMENT | |
| NAME | CITY, STATE | CLASS AIR CONDITIONER OR HEAT PUMP SERIAL NO. |
| Steven David | Decatur, Texas | 14273U8HBF |
| Bob Schell | Phoenix, Arizona | 14164SKY9H |
| Lois Spiter | Highland, Michigan | 1413413E3F |
| Edith A. Vogt | Elk Grove, California | 14195241AF |
| Connie Fenenga | Rapid City, South Dakota | 14205T653F |
| Rod & Janette Corbin | Camp Verde, Arizona | 142010034L |
| Kevin Kelly | Orland Park, Illinois | 14206P8WAF |
| Elizabeth Ormand | Garland, Texas | 14404JBK5F |